IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
97 SEP 12 PM 2:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
SEP 12 1997

JAMES BROWN, on behalf of )
others similarly situated, )
)
    Plaintiff, )
)
vs. ) CIVIL ACTION NUMBER
)
THE EQUITABLE LIFE ASSURANCE ) 94-C-2921-S
SOCIETY OF THE UNITED STATES, )
)
    Defendant. )

**MEMORANDUM OF OPINION CERTIFYING CLASS**

Plaintiff James Brown seeks to represent a class defined as follows:

> All African-Americans who applied but were not hired for, were discouraged from applying for, or would have applied for the position of Sales Agent in the absence of the discriminatory practices, and/or procedures in the Southern Region of The Equitable from May 16, 1987, to the present.

Because plaintiff satisfies all of the requirements of F.R.Civ.P. ("Rule") 23(a) and (b)(2), a separate Class Certification Order shall issue.

I

To meet the requirements of Rule 23(a), plaintiff must show numerosity, commonality, typicality, and adequacy of

representation.[1]

Between 1992 and 1995, 1010 black Americans unsuccessfully applied for jobs as Sales Agent in The Equitable's Southern Region. The joinder of all such persons, covering nearly half of the United States, is obviously impracticable.

Common questions of law and fact abound in this case. Are hiring decisions for the position of Sales Agent made by all white officials utilizing subjective criteria? Are more onerous qualifications required of black applicants? Do the hiring decisions in the Southern Region of The Equitable have an adverse impact on African Americans?

Plaintiff's claim that he was not hired as a Sales Agent because of his race is typical of the claim to be made by the putative class.

Plaintiff and his counsel are fully prepared to vigorously represent the interests of the unnamed class members. There has been no showing of collusion or antagonistic interests.

In sum, plaintiff has satisfied all of the requirements of Rule 23(a).

---

[1] Rule 23. Class Actions
(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

II

Plaintiff must also show that The Equitable "...has acted or refused to act on grounds generally applicable to the class...." Rule 23(b)(2).

There is ample anecdotal evidence, which, if credited, would support a claim that various policies of The Equitable have a racially discriminatory impact.

Moreover, the Equal Employment Opportunity Commission ("EEOC") has found, *inter alia*:

> The evidence does reveal that until March, 1989, [The Equitable] maintained sales districts segregated on the basis of race. Until that time, Black sales agents were only allowed to work in the "Black District." This policy limited Black agents to working in one district and prevented them from transferring from one district to another. The segregated sales districts, coupled with [The Equitable]'s practice of giving District Managers the authority to recruit new agents and recommend agents for promotion to District Manager positions resulted in discrimination against blacks as a class in recruitment and promotion.

Plaintiff Exhibit 17, EEOC Determination, p. 2. The EEOC concluded, based on an apparently thorough investigation, that "...there is reasonable cause to believe that [The Equitable] has discriminated against Black agents and **applicants as a class** with respect to **hiring**, recruiting, promotion and wages." *Id.*, p. 3. (emphasis supplied).

3

Plaintiff has carried his Rule 23(b)(2) burden.

DONE this 12th day of September, 1997.

_____
UNITED STATES DISTRICT JUDGE
U. W. CLEMON